UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                    Chapter 11

19 Highline Development LLC, et. al                        Case No. 18-12714(MW)
                                                          Case No. 19-11068 (MEW)

                                    Debtors.              (Jointly Administered)
-----------------------------------------------------------------x

## MOTION FOR ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT; (B) SCHEDULING A COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE COMBINED PLAN ANDDISCLOSURE STATEMENT; AND (C) APPROVING NOTICE PROCEDURES RELATING THERETO

19 Highline Development LLC ("**Development**") and Project 19 Highline LLC

("**PropCo**" and, together with Development, the "**Debtors**") hereby move the Court (the

"**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the

"**Conditional Approval and Procedure Order**"): (A) approving on an interim basis the

*Combined Disclosure Statement and Plan of Reorganization Pursuant to Chapter 11 of the*

*Bankruptcy Code* which is being filed contemporaneously herewith (as the same may be

amended, modified, or supplemented from time to time, (the "**Combined Plan and Disclosure**

**Statement**")[1], as containing adequate information regarding such disclosure provided therein

(the "**Disclosure**") for solicitation purposes; (B) scheduling a combined hearing for (i) final

approval of the Combined Plan and Disclosure Statement as containing adequate information for

solicitation purposes, and (ii) confirmation of the Combined Plan and Disclosure Statement (the

"**Confirmation Hearing**") for December 11, 2019 at 10:00 a.m.; and (C) approving notice

procedures relating thereto; respectfully represents:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Combined Plan and Disclosure Statement.

### Background

1.      Development filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 7, 2018 and PropCo filed a voluntary petition under Chapter 11 of the Bankruptcy Coe on April 5, 2019. At all relevant times, the Debtors have remained in possession of their assets and management of their business as a debtors-in-possession pursuant to sections 1107 and 1108 of the of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2.      The focal point of this Chapter 11 case is the Debtors' effort to re-developed building near the Highline section of midtown Manhattan at 435-437 19th Street, New York, New York..

3.      This is a single-asset real estate (SARE) case. The project stagnated and remains incomplete. In late 2018, Churchill learned of certain alleged discrepancies and irregularities with the Debtor's projected use of funds. These discrepancies and irregularities lead to Churchill issuing a notice of default and seeking to foreclose on the Project.

4.      In furtherance thereof, on or around August 28, 2018, Churchill issued a notice of disposition of collateral and set a date for a foreclosure sale of Development's interest in PropCo. On the eve of the scheduled sale, Development filed for chapter 11 commencing this case.

5.      Early in this case, Churchill filed a motion seeking the appointment of a chapter 11 trustee (the "**Trustee Motion**"). The Debtors opposed the Trustee Motion. The Trustee Motion was later joined by a group of the Debtors' equity holders. Immediately before the hearing on the Trustee Motion, Debtors and Churchill reached an agreement whereby, among other things, Getzler Henrich would be appointed as responsible officer for the Debtors in place of Jason Lee to minimize ongoing disputes over the future developments. As part of this process, the parties also

reached a global deal on a proposed plan of reorganization, the substance of which is contained in the Combined Plan and Disclosure Statement.

6. Based upon the agreement, the Debtors request that the Court conduct a combined hearing on confirmation and final approval of the disclosure statement on December 11, 2019 at 10:00 a.m.

## Applicable Law

7. Section 105(d)(2)(B)(vi) provides that the Court may issue any order "deem[ed] appropriate insure that the case is handled expeditiously and economically" including orders scheduling voting on a plan, providing for a combined hearing on confirmation and the disclosure statement, and fixing the scope and format of notice of the hearing.

8. Pursuant to Section 1125 of the Bankruptcy Code, a debtor-in-possession must provide its impaired classes of claims with "adequate information" regarding the proposed so that they may make an informed decision. In this regard, Section 1125(a)(1) provides:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. §1125(a)(1).

9. Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors and equity interest holders entitled to vote on the Chapter 11 plan. *See, e.g.*, *In re PC Liquidation Corp.*, 383 B.R. 856, 866 (E.D.N.Y. 2008); *see also, In re Worldcom, Inc.*, 2003 WL 21498904 *10 (S.D.N.Y. Jun. 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the

bankruptcy court", *quoting In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995); *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("At the 'heart' of the chapter 11 process is the requirement that holders of claims in impaired classes be furnished a proper disclosure statement 'that would enable a hypothetical reasonable investor typical of claims or interests of the relevant class to make an informed judgment about the plan.'" (*quoting* H.R. Rep. No. 595, 95[th] Cong., 1[st] Sess. 408 (1977), 1998 U.S. Code Cong. & Admin News. 5787, 6364)).

10.     The Debtors submit that, in this instance, the Disclosure does in fact contain adequate information within the meaning of Section 1125 of the Bankruptcy Code, and should be conditionally approved, subject to final approval at the Confirmation Hearing, and the filing of any necessary supplements prior thereto.

11.     Since only Class 3, consisting of Prepetition Term Loan Secured Claims, is impaired and entitled to vote, in furtherance of the combined hearing, the Debtors propose to provide a solicitation package (the "**Solicitation Package**") consisting copies of the following: of (a) a conformed copy of the pre-fixed Scheduling Order; (b) the Combined Plan and Disclosure Statement; and (c) a ballot for use by the creditors in voting on the Plan to all holders of an Allowed Claim in Class 3 as set forth under the Combined Plan and Disclosure Statement. All other creditors and parties in interest will receive (a) a conformed copy of the pre-fixed Scheduling Order; (b) the Combined Plan and Disclosure Statement, without a ballot.

**WHEREFORE**, the Debtors respectfully request entry of the pre-fixed order granting the relief sought herein and such other and further relief as is just and proper.

Dated: New York, New York
      November 6, 2019

GOLDBERG WEPRIN
FINKEL GOLDSTEIN, LLP
Attorneys for the Debtors
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700


By:    /s/ J. Ted Donovan, Esq.