WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By: Andrew D. Velez-Rivera
Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
| | |
|---|---|
| In re : | Case No. 18-12714 (MEW) |
| : | Case No. 19-11068 (MEW) |
| 19 Highline Development LLC, et al.,[1] : | |
| : | Chapter 11 |
| Debtors. : | |
| : | (Jointly Administered) |

---------------------------------------------------------x

**DECLARATION OF ANDREW D. VELEZ-RIVERA IN SUPPORT OF MOTION OF UNITED STATES TRUSTEE FOR AN ORDER DISMISSING THE CHAPTER 11 CASES, OR ALTERNATIVELY CONVERTING THEM TO CHAPTER 7**

I am a Trial Attorney for movant, William K. Harrington, the United States Trustee for Region 17 ("**United States Trustee**"). Within his Office, I am responsible for monitoring this chapter 11 case captioned above on his behalf. I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the Court's CM/ECF information system. If called, I would testify to the following:

1. On September 7, 2018, debtor 19 Highline Development LLC ("**Developer**") filed a voluntary petition for chapter 11 relief in this Court. Dkt. No. 1.

---

[1] The Debtors in these Chapter 11 cases are *19 Highline Development LLC* (18-12714) and *Project 19 Highline LLC* (19-11068).

1

2.      The Developer is the 100 percent equity holder and sole member of debtor, Project 19 Highline Development LLC ("**Fee Owner**," and together with the Developer, "**Debtors**").

3.      The Fee Owner acquired the property located at 435-437 19th Street, New York, New York ("**Property**") to renovate an existing structure on the premises and build an 18-unit condominium apartment complex.  Case No. 19-11068, Dkt. No. 1, Affidavit, para 3, at 1.  But the project stalled and experienced construction delays.  *Id.*

4.      The Developer filed its voluntary petition after a lender group comprised of Churchill Real Estate Fund LP, Specialty Credit Holdings LLC, and Silver Point Select Opportunities Fund A, LP (collectively, "**Lenders**") noticed a UCC foreclosure sale of the Developer's membership interest in the Fee Owner Entity.  *Id*.  The foreclosure sale followed alleged loan defaults.  *Id*.

5.      On September 19, 2018, shortly after the Developer filed for bankruptcy relief, the Lenders moved for the appointment of a chapter 11 trustee. Dkt. No. 9.  The Developer challenged the trustee motion, but the dispute ultimately was resolved on October 9, 2018 with the Court's approval of a Settlement Stipulation pursuant to which William Henrich was appointed as Chief Restructuring Officer.   Dkt No. 19.

6.      On April 5, 2019, pursuant to the Settlement Stipulation, the Chief Restructuring Officer filed a voluntary petition for chapter 11 relief on behalf of the Fee Owner.  Case No. 19-11068 (MEW), Dkt. No. 1.

7.      The chapter 11 cases of the Developer and the Fee Owner are jointly administered pursuant to an order of the Court.  Dkt. No. 27.

8. On July 1, 2019, the Debtors filed an application to employ the law firm of Goldberg, Weprin, Finkel, Goldstein, LLP ("**Goldberg Weprin**") as their bankruptcy counsel. Dkt. No. 29. The Court granted the application and entered a retention order for the firm on July 19, 2019. Dkt. No. 30.

9. On March 25, 2020, the Court granted the Debtors' motion for an auction sale of the Property. Dkt. No. 88.

10. The Debtors received inquiries from several potential parties during the auction process, but no parties made a bid approaching the Lenders' secured debt, which was approximately $41 million as of the Developer's petition date. Dkt. No. 95, at 2 and 9. Indeed, the Debtors received no qualified bids, or actual third party offers for the Property. *Id*., at 8.

11. In light of these sale developments, in the Spring of 2020, the Lenders elected to exercise their credit bid rights, and agreed to fund a plan of reorganization implementing a transfer of the Property to them pursuant to such plan. *Id*., at 8. At the time, the Lenders had made protective advances of over $1.7 million as of December 2019 to preserve and maintain the Property, and also paid real estate taxes. *Id*., at 9.

12. On July 22, 2020, the Debtors filed their Amended Joint Liquidating Chapter 11 Plan ("**Plan**"), and attendant disclosure statement. Dkt. No. 94. The Plan provided for the transfer of the Property to the Lender free and clear of all claims, liens, taxes, and other interests, except for the Lenders' senior mortgage debt, which was to be assumed by the ultimate purchaser – a designee of the Lenders – at its discretion. Dkt. 95, at 2. As consideration for the transfer of the Property, pursuant to the Plan the Lenders agreed to transfer a sum not exceeding $150,000, to pay: (i) Allowed Administration Expense Claims, including (a) the accrued fees of the Chief Restructuring Officer, in an amount not to exceed $10,000, and (b) the allowed fees

and expenses of Goldberg Weprin, in an amount not to exceed $100,000, plus reimbursement of expenses; and (ii) $25,000 to fund a separate creditor pool for a *pro rata* distribution to holders of allowed general unsecured claims. *Id*.

13. On September 13, 2020, the Debtors filed the Declaration of Kevin J. Nash in Support of Confirmation of the Debtors' Plan. Dkt. No. 114. In this declaration, Mr. Nash averred and reiterated that, as consideration for the transfer of the Property to them, under the Plan the Lenders were required to pay "fees due to the Office of the U.S. Trustee." *Id*., ¶ 5, at 2. Statutory fees due to the United States Trustee at the time, under then "current projections," were estimated by the Debtors to be $15,000. *Id*., ¶ 16, at 5.

14. On September 25, 2020, the Court entered the Order Confirming Debtors' Amended Chapter 11 Plan of Reorganization and Finally Approving the Amended Disclosure Statement ("**Confirmation Order**"). Dkt. No. 115.

15. Pursuant to the Confirmation Order, the Court determined that "All fees due and payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date." *Id.,*¶ at 12, at 4.

16. The Court also ordered that: "The Debtors shall pay to the United States Trustee all fees due and payable by the Debtors, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until a final decree is entered closing the Chapter 11 Cases." *Id.*, ¶ 24, at 11.

17. Pursuant to the confirmed Plan, the Debtors' counsel, Goldberg Weprin, was appointed as Disbursing Agent, with the duty of paying allowed professional fees and expenses, including its own. Dkt. No. 94, § 2.17, at 5 and § 3.3, at 7-8.

4

18. Section 2.7 of the confirmed Plan defines "Bankruptcy Fees" as "all fees and charges assessed against the Debtors under Section 1930 of title 28 of the United States Code, together with all statutory interest due thereunder." *Id*., § 2.7, at 4. Section 2.27 of the confirmed Plan defines "Lenders' Plan Contribution" as "the monies to be deposited with the Disbursing Agent by the Lenders on or before the Effective Date in an amount not to exceed an aggregate of $150,000.00." *Id*., § 2.27, at 5.

19. Section 3.5 of the confirmed Plan in turn provides: "**Bankruptcy Fees**. To the extent not otherwise paid, the Debtors shall pay all accrued Bankruptcy Fees, together with any interest thereon, as part of the Lenders' Plan Contribution on or before the Closing Date. Bankruptcy Fees, together with any applicable interest, shall continue to be paid until the Chapter 11 Cases are closed by Final Decree, or otherwise converted or dismissed." *Id*., § 3.5, at 8.

20. Section 4.1 of the Plan provides that the Debtors' respective cases are substantively consolidated for the purposes of making distributions to holders of allowed claims under the Plan. *Id*., § 4.1, at 8-9. However, such substantive consolidation did not affect the continuing separate legal and organizational structure of the respective Debtors following confirmation of the Plan. *Id*.

21. On November 20, 2020, Goldberg Weprin filed a final fee application, seeking a final fee allowance of $90,000, and an expense reimbursement of $1,968.92. Dkt. No. 117. Such application reflects a further reduction in the firm's fees, from a previously agreed-to amount of $100,000, to $90,000. *Id*., ¶ 4, at 3. With no objections to the application, the hearing thereon scheduled for December 15, 2020, was taken off the Court's hearing calendar. Dkt. No.

5

119. The Court subsequently entered an order finally allowing the firm's fees and expenses. Dkt. No. 120 (Dec. 18, 2020).

22. Neither of the Debtors have paid any statutory fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), or statutory interest due pursuant to 30 U.S.C. § 3717.

23. Based on monthly operating reports filed by the Debtors through (and including) August 2020, the United States Trustee estimates that Developer, (19 Highline Development), is delinquent and liable to the United States Trustee for fees pursuant to 28 U.S.C. § 1930(a)(6) and interest pursuant to 30 U.S.C. § 3717 in the sum of **$2,988.47**, as of the third quarter of 2020. Such liability for the Fee Owner, (Project 19 Highline), is estimated at **$26,676.64**. In addition, the Debtors will owe quarterly fees corresponding to the fourth quarter of 2020, the first quarter of 2021, and perhaps further calendar quarters.

24. The United States Trustee is not aware of whether the transfer of the Property to the Lenders' designee pursuant to the Plan has closed. The Debtors have not filed a closing report, or a notice that the Plan has become effective. *See* Dkt. Moreover, nothing on the docket, including the final fee application of Goldberg Weprin, advises that the closing has or has not occurred. *See* Dkt.

25. The Office of the United States Trustee has sent numerous unrequited inquiries to counsel for the Debtors regarding United States Trustee fees.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this fifth day of January, 2021, in New York, New York.

                              */s/ Andrew D. Velez-Rivera*